1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DALE HURD,

                                    Plaintiff,

        vs.

SYLVIA GARCIA, Warden, et al.,

                                    Defendants.

CASE NO. 02cv460-BEN (WMc)

**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TERMINATING CASE [Docket No. 131 ]**

        Plaintiff Dale Hurd ("Hurd" or "Plaintiff"), a prisoner at Calipatria State Prison, has filed a *pro se* Third Amended Complaint ("Complaint") under 42 U.S.C. § 1983 against prison officials Warden Garcia, Captain W. J. Price, Lieutenant R. Anti, Sergeant Richards, and Correctional Officers Does 1-10.  Hurd claims that the conditions of his confinement at Calipatria during a lock down of the facility from December 2001 to March 2002 violated his rights to due process, equal protection and to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments, that the Defendants failed to protect him from assault by another inmate in violation of the Eighth Amendment, and that he was retaliated against for the exercise of his First Amendment rights.  He seeks monetary damages and an injunction preventing any future long-term deprivations of outdoor exercise.

        Defendants moved for summary judgment on all of the claims presented in Plaintiff's Complaint.  The Honorable United States Magistrate Judge William McCurine Jr. issued a

thorough Report and Recommendation ("Report"), recommending Defendants' Motion be granted, and allowed the parties until September 18, 2006 to file objections to the Report.  To date, no objections to the Report have been filed.  Nor has there been any request for additional time to file objections.[1]

Title 28 U.S.C. § 636 (b)(1)(C) provides: "A judge of the [district] court shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."  Thus, the governing "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo **if objection is made**, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); see also id. ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.") (citation omitted)); Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ( "Of course, *de novo* review of a [Report] is only required when an objection is made to the [Report]." ) (citation omitted)).   Notwithstanding Hurd's failure to object, the Court has carefully reviewed the Report and the entire file.  Judge McCurine's analysis is supported by the record, and is sound and well-reasoned.  Accordingly, the Report is **ADOPTED IN FULL**.  For the reasons stated in the Report, Defendants' Motion is **GRANTED**.  The case is terminated. The Clerk shall close the file.

**SO ORDERED.**

DATED:  September 28, 2006

_____
Hon. Roger T. Benitez
United States District Judge

---

[1]   Since the Report, the Court has received a filing from Hurd titled: "Submission of Supplemental Affidavits In Support Of Opposition To Defendants' Summary Judgment Motion." The Court has reviewed the supplemental affidavits submitted.  The affidavits do not object to any portion of the Report.  Rather, they are cumulative of the exhibits Hurd has already filed, and discussed by Judge McCurine, in Opposition to Defendants' Motion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

02cv460-BEN (WMc)