UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE R. HURD,<br><br>        Plaintiff,<br>vs.<br><br>GEORGE GIURBINO; et al.,<br><br>        Defendants. | CASE NO. 02-CV-0460 BEN (WMc)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION |

Before this Court is Plaintiff's Motion for Disqualification of Magistrate Judge ("Motion") filed on February 3, 2009 in the above-captioned case. (Docket No. 194.) On April 17, 2009, the Motion was referred to Magistrate Judge McCurine for findings and recommendation. (Docket No. 197). On July 13, 2009, Magistrate Judge McCurine issued his findings and recommended that the Court deny Plaintiff's Motion. (Docket No. 199.) On July 22, 2009, Plaintiff filed an Objection to the findings and recommendation. (Docket No. 200.)

For the reasons set forth below, the Court **ADOPTS** the findings and recommendation of Magistrate Judge McCurine and **DENIES** Plaintiff's Motion.

## BACKGROUND

On March 11, 2002, Plaintiff initiated this action in this Court. On February 20, 2004, the case was re-assigned from Magistrate Judge Porter to Magistrate Judge McCurine. (Docket No. 58.)

On April 21, 2006, Defendants filed a Motion for Summary Judgment. (Docket No. 131.) Plaintiff filed an opposition, and Defendants filed a reply.

On August 31, 2006, Magistrate Judge McCurine issued a Report and Recommendation, recommending that the Court grant Defendants' Motion for Summary Judgment. (Docket No. 151.) Plaintiff did not file objections.

On September 28, 2006, the Court entered an order ("Order") adopting the Report and Recommendation and granting Defendants' Motion for Summary Judgment. (Docket No. 157.) The Order noted that Plaintiff had not filed objections, but nonetheless stated that, based on a careful review of the file and record, the Court found summary judgment proper in favor of Defendants. *Id.*

On October 17, 2006, Plaintiff filed a Motion for New Trial and for Amendment of Judgment based on, among other things, Plaintiff's alleged non-receipt of the Magistrate Judge's Report and Recommendation and the need for additional discovery. (Docket No. 160.) The Court entered an order granting Plaintiff's motion. (Docket No. 177.) That order re-opened the case, permitting Plaintiff to file objections to the Report and Recommendation and ordering Defendants to produce certain discovery for in camera inspection, after which the Magistrate Judge would rule without further hearing on whether the September 28, 2006 judgment should be amended. *Id.* Pursuant to the order, Plaintiff filed an Objection and Defendants submitted documents for in camera inspection. (Docket Nos. 178, 189, 198.) Defendants also filed a reply to Plaintiff's Objection. (Docket No. 184.) The Magistrate Judge's decision on whether the September 28, 2006 judgment should be amended is pending upon resolution of the current Motion.

In or around June 2007, Plaintiff filed a Complaint of Judicial Misconduct with the United States Court of Appeals for the Ninth Circuit. (Hurd Decl. [Docket No. 194-2], Ex. A.) The Chief Judge ultimately dismissed the complaint.

On February 3, 2009, Plaintiff filed a Motion for Disqualification of Magistrate Judge, incorporating by reference his Complaint for Judicial Misconduct. The Motion was referred to Magistrate Judge McCurine for findings and recommendation. (Docket No. 197.)

On July 13, 2009, Magistrate Judge McCurine issued his findings and recommended that the Court deny Plaintiff's Motion. (Docket No. 199.) On July 22, 2009, Plaintiff filed an Objection to the findings and recommendation. (Docket No. 200.)

# DISCUSSION

Under 28 U.S.C. § 455(a), a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) covers a judge's interests, relationships, biases, or prejudices, and requires them all "to be evaluated on an objective basis." *Liteky v. United States*, 510 U.S. 540, 548 (1994). This objective inquiry must be made from the perspective of a reasonable observer who is fully informed "of all the surrounding facts and circumstances." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000). A reasonable person in this context means, "a well-informed, thoughtful observer as opposed to a hypersensitive or unduly suspicious person." *Clemens v. United States District Court for the Central District of California*, 428 F.3d 1175, 1178 (9th Cir. 2005).

Disqualification must be sought as early as possible. *First Interstate Bank of Arizona v. Murphy, Weir & Butler*, 210 F.3d 983 n.8 (9th Cir. 2000); *see also Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991). Requiring early disqualification helps to ensure a litigant is not "judge shopping," reduces delay in moving towards trial, and saves judicial resources. *In re Anwiler*, 958 F.2d 925, 930 (9th Cir. 1992), *cert. denied*, 506 U.S. 882 (1992).

The Report and Recommendation recommended denying the Motion based on the Chief Judge's dismissal of Plaintiff's Complaint of Judicial Misconduct, Plaintiff's failure to provide sufficient factual support, and Plaintiff's delay in filing the Motion. (R&R, pg. 4.) Plaintiff objected to these findings. The Court reviews de novo the Magistrate Judge's findings and recommendation. 28 U.S.C. § 636(b)(1) ("A judge of a court shall make a de novo determination of those portions of the report and specified proposed findings or recommendations to which objection is made.").

1. *Dismissal of Judicial Misconduct Complaint and Failure to Provide Sufficient Factual Support*

Plaintiff argues disqualification is appropriate based on Magistrate Judge McCurine's alleged impartiality. (Mot. [Docket No. 194], pgs. 1-2.) The only support cited for this argument is Plaintiff's Complaint for Judicial Misconduct, which is incorporated by reference. (P. & A. [Docket No. 194-1], pg. 2.) No other factual support is provided.

As noted by the Magistrate Judge, the Chief Judge dismissed Plaintiff's Complaint for Judicial

Misconduct. Even if this Court were to consider the allegations set forth therein, the Court notes the Complaint does not allege, nor does the record show that Magistrate Judge McCurine possesses, a close relationship with the parties or the attorneys in the case, any financial interest in the outcome of the case, or any political interest in the outcome of the case. Plaintiff instead alleges judicial misconduct (and, presumably, impartiality) arises from Magistrate Judge McCurine's alleged obstruction of justice and witness tampering. (Hurd Decl. [Docket No. 194-2], ¶ 4.)

According to Plaintiff's Objection, these allegations are based, at least in part, on the Magistrate Judge's alleged sua sponte modification of the scheduling order that allowed Defendants additional time to file a summary judgment motion. (Obj. [Docket No. 200], pg. 4.) Plaintiff alleges this modification rescheduled the summary judgment deadlines for a time when Plaintiff was in lockdown and, thus, unable to contact his witnesses to obtain opposing affidavits. *Id.* Plaintiff also alleges he never received the Magistrate Judge's Report and Recommendation and the Magistrate Judge allegedly failed to properly follow the consent procedure set forth in Federal Rule of Civil Procedure ("FRCP") 73(b). *Id.* at pg. 5, 7.

First, the Court notes that, even if Plaintiff's allegations are true,[1] the Court granted Plaintiff's Motion for New Trial and for Amendment of Judgment, thereby allowing Plaintiff to submit whatever additional arguments he believed he needed to defeat summary judgment. (Docket No. 177.) Therefore, any alleged prejudice arising from the Magistrate Judge's sua sponte modification of the scheduling order or Plaintiff's non-receipt of the Report and Recommendation is moot. Any alleged harm arising from the Magistrate Judge's failure to properly follow FRCP 73(b) consent procedures is likewise moot, as there has been no trial in this case.

Additionally, the Court finds that Plaintiff's allegations, even if true, do not evidence impartiality. The record does not show a personal bias or prejudice against Plaintiff, nor does the record reflect any interest or relationship that would prevent Magistrate Judge McCurine from impartially assessing the issues in this case. *Liteky v. United States*, 510 U.S. 540, 548 (1994) (Section 455(a) covers a judge's interests, relationships, biases, or prejudiced). At most, Plaintiff's allegations

---

[1] Although it need not do so, the Court assumes for purposes of this order only that Plaintiff's allegations are true. *See, e.g., United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir.1986) ("Section 455 does not require the judge to accept allegations by the moving party as true").

evidence possible (but not detrimental) inadvertence by the Magistrate Judge. Such evidence is not sufficient to support disqualification. *Id.* at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *see also United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008). Accordingly, the Court adopts the Magistrate Judge's finding that Plaintiff's Motion lacks merit.

    2.    *Delay in Seeking Disqualification*

Plaintiff objects to the Magistrate Judge's finding of undue delay, arguing only nine days had passed between the discovery of the bias and the filing of the Motion. (Obj. [Docket No. 200], pg. 2.) Plaintiff argues the discovery of bias occurred when this Court made a minute entry on January 23, 2009, referring Defendants' summary judgment motion to Magistrate Judge McCurine. *Id.* This minute entry occurred after the Court granted Plaintiff's request to re-open the case in order to allow additional discovery and the filing of Plaintiff's Objection to Report and Recommendation. This minute entry, however, is not the operative docket entry referring the case to Magistrate Judge McCurine. Rather, as the Magistrate Judge correctly notes, the case was referred to Magistrate Judge McCurine on February 20, 2004, i.e., almost five years before Plaintiff filed the Motion on February 3, 2009. Additionally, the events forming the basis of the Motion occurred between April 2006 and August 2006, i.e., well over two years before Plaintiff filed the Motion. Even Plaintiff's Complaint of Judicial Misconduct was filed over one and a half years before Plaintiff filed the Motion in this Court. Plaintiff clearly did not seek the first opportunity to disqualify Magistrate Judge McCurine in this case.

Plaintiff's delay is prejudicial as it wastes the resources that this Court has already expended in the case. This Court has already expended time and effort adjudicating various discovery disputes and addressing issues raised in several motions filed by the parties in this case. This case is near completion and Plaintiff's Motion, if granted, would undeniably result in a waste of judicial resources while affording no benefit to Plaintiff. Accordingly, the Court adopts the Magistrate Judge's finding that Plaintiff unduly delayed seeking disqualification.

///

///

## CONCLUSION

In light of the above, the Court **ADOPTS** the findings and recommendation of Magistrate Judge McCurine and **DENIES** Plaintiff's Motion for Disqualification of Magistrate Judge.

**IT IS SO ORDERED**.

Date: April 8, 2010

Hon. Roger T. Benitez
United States District Court Judge