FILED

10 AUG -9 AM 10: 06

CLERK, U.S. DISTRICT OF...
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE HURD,<br><br>                         Plaintiff,<br>vs.<br><br>SYLVIA GARCIA, Warden;[1] et al.,<br><br>                         Defendants. | CASE NO. 02-cv-0460 BEN (WMc)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION FOR SUMMARY JUDGMENT, AND DENYING REQUEST TO AMEND JUDGMENT |

## BACKGROUND

Plaintiff Dale Hurd, a prisoner at Calipatria State Prison and proceeding pro se, filed a Third Amended Complaint ("Complaint") under 42 U.S.C. § 1983 against prison officials Warden Garcia, Captain W. J. Price, Lieutenant R. Anti, and Sergeant Richards. Plaintiff alleges that the conditions during a lock down of the Calipatria facility from December 2001 to March 2002 violated his rights to due process, to equal protection and to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments. Plaintiff also alleges Defendants failed to protect him from assault by another inmate, in violation of the Eighth Amendment, and that he was retaliated against for the exercise of his First Amendment rights. Plaintiff seeks monetary damages and an injunction

---

[1] On August 16, 2006, Warden George Giurbino was substituted in place of Warden Sylvia Garcia. (Docket No. 149.)

- 1 -

02cv0460

preventing any future long-term deprivations of outdoor exercise.

On April 21, 2006, Defendants filed a motion for summary judgment ("Motion"). (Docket No. 131.) Plaintiff filed an opposition, and Defendants filed a reply. (Docket Nos. 137, 141.) On August 31, 2006, Magistrate Judge McCurine filed a Report and Recommendation, recommending that Defendants' motion be granted. (Docket No. 151.) Plaintiff did not file Objections to the Report and Recommendation. Accordingly, on September 28, 2006, this Court adopted the Report and Recommendation and granted Defendants' Motion. (Docket No. 157.) On September 29, 2006, Judgment was entered against Plaintiff. (Docket No. 158.)

Thereafter, on October 17, 2006, Plaintiff filed a Motion for New Trial and for Amendment of Judgment pursuant to Federal Rule of Civil Procedure 59. (Docket No. 160.) The motion was made on the grounds that Plaintiff never received a copy of the Report and Recommendation and never had an opportunity to file objections. *Id.*

On April 9, 2007, the Court granted Plaintiff's motion and reopened the case. (Docket No. 177.) Pursuant to the Court's order, on May 3, 2007, Plaintiff filed his Objection to the Magistrate Judge's Report and Recommendation. (Docket No. 178.) Defendants filed a reply. (Docket No. 184.)

On March 20, 2008, Plaintiff then filed a "Memorandum of Points and Authorities in Support of Plaintiff's Objections to Report and Recommendation." Among other things, this document moved to continue determination of the Motion pursuant to Federal Rule of Civil Procedure 56(f) and on the grounds that Plaintiff had not been able to obtain all documents necessary to fully respond to the Motion. (Docket No. 189.) The Court referred Plaintiff's Rule 56(f) request and related discovery issues to Magistrate Judge McCurine. (Docket No. 190.)

On April 8, 2009, Magistrate Judge McCurine entered an order granting in part and denying in part Plaintiff's Rule 56(f) motion. (Docket No. 196.) The order required Defendants to deliver certain identified documents to the Court for in camera inspection so the Court could determine if the discovery raised a genuine issue of material fact and if disclosure of such documents to Plaintiff was necessary. *Id.* Court conducted several status conferences regarding the discovery to determine what other discovery existed and what other discovery Plaintiff claimed he needed. (Docket Nos. 205, 208-210, 212, 213.)

On July 8, 2010, Magistrate Judge McCurine, after conducting an in camera inspection of the court-ordered discovery, entered an order finding that no discovery germane to the issues in this case had been withheld. (Docket No. 214.) The Court further concluded that no additional discovery existed that would allow Plaintiff to demonstrate that a genuine issue of material fact existed for purposes of amending the Judgment. *Id.*

Defendants' motion for summary judgment having been fully briefed, and both parties now having had an opportunity to respond to the Report and Recommendation, the Court now considers the merits of the Motion, the analysis set forth in the Report and Recommendation, and whether amendment of the Judgment is appropriate. For the reasons set forth below, the Court affirms the Judgment.

## DISCUSSION

### I. FACTUAL ALLEGATIONS

#### A. PRISON LOCK DOWN

Plaintiff alleges that, on December 2, 2001, Defendant Garcia, the Warden of Calipatria, ordered a lock down of the facility where Plaintiff was housed. (TAC, pg. 3.) The lock down continued until March 27, 2002 and was continued at such other times that Plaintiff claims he was denied any exercise time from December 2, 2001 through May 1, 2002. *Id.* Plaintiff alleges this deprivation of exercise time violated his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment, right to due process of law under the Fourteenth Amendment, and right to equal protection under the Fourteenth Amendment. (TAC, Counts 1-3.)

#### B. PRISON GANG CONTROL

Plaintiff also alleges that, since December 2, 2001, a prison gang controlled by Caucasian supremacists has operated at Calipatria. (TAC, pg. 13.) Plaintiff alleges Defendants use the gang to control and discipline Caucasian inmates, and the gang operated with the knowledge and tacit approval of the Defendants. (TAC, pgs. 13-17.) Defendants also allegedly knew of the gang's policy of requiring all Caucasian inmates to attack any Black inmate whenever they had the chance. *Id.* Nonetheless, on April 30, 2002, Defendants published a status report stating Plaintiff was, and would continue to be, housed with a Black inmate. (TAC, pg. 15.) According to Plaintiff, the gang was,

therefore, aware that Plaintiff had the opportunity to attack a Black inmate but had chosen not to do so. (TAC, pgs. 15-17.)

On May 1, 2002, Plaintiff was transferred to another facility. (TAC, pg. 16.) Defendants allegedly knew that, even at this new facility, Plaintiff was at risk of being attacked by the gang for failure to carry out the terms of the gang's policy. *Id.* On May 4, 2002, Plaintiff was, in fact, assaulted by another inmate and suffered bodily injury. (TAC, pg. 17.) According to Plaintiff, the attack was in retaliation for not attacking a Black inmate when he had a chance. *Id.* Plaintiff alleges Defendants' actions violated his constitutional rights under the Eighth Amendment. (TAC, Counts 4-6.)

### C. FREE SPEECH AND RETALIATION

Plaintiff also alleges Defendants retaliated against him for exercising his right to free speech. (TAC, pg. 27.) Plaintiff alleges that, on December 18, 2001, he submitted an inmate grievance to Defendant Garcia, complaining of the lock down conditions. *Id.* On March 6, 2002, and then again on April 7, 2002, Plaintiff sent a letter to Defendant Garcia that expressed his intent to file a civil rights complaint regarding the lock down. *Id.* at pgs. 27-28.

Allegedly as a result of these complaints, on April 11, 2002, Defendants searched Plaintiff's cell, including several other cells, and confiscated every ink pen and piece of paper in Plaintiff's cell. (TAC, pgs. 28-29.) According to Plaintiff, Defendants claim Plaintiff had "too many" of them. *Id.* During a meeting on April 18, 2002, Plaintiff complained about the search and general climate of lawlessness to Senator Burton's staff. *Id.*

As noted, on May 1, 2002, despite Defendants' alleged knowledge of the Caucasian prison gang's policy, Defendants transferred Plaintiff to another facility, and, on May 4, 2002, Plaintiff was assaulted. (TAC, pg. 29.) Plaintiff alleges Defendants' actions violated his constitutional right to free speech under the First Amendment. (TAC, Count 7.)

## II. SUMMARY JUDGMENT

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

On August 31, 2006, Magistrate Judge McCurine entered a Report and Recommendation, recommending that this Court grant Defendants' motion for summary judgment in its entirety. On May 3, 2007, Defendant filed an Objection to the Report and Recommendation. Section 636(b)(1)(C) of Title 28 of the United States Code provides, "A judge of the [district] court shall make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court reviews de novo those specific portions of the Report and Recommendation to which Plaintiff objects, if any. Because Plaintiff's Objections also appear to incorporate Plaintiff's Rule 56(f) motion, the Court also addresses the issues raised in the Rule 56(f) motion, the Magistrate Judge's Order on the Rule 56(f) motion, and Plaintiff's objection thereto, below.

### A. PLAINTIFF'S RULE 56(f) MOTION AND DISCOVERY ISSUES

Plaintiff objects to the Report and Recommendation on the grounds that, at the time the Report and Recommendation was issued, certain discovery issues set forth in Plaintiff's Rule 56(f) motion were outstanding and the resolution of those issues was necessary for Plaintiff to respond to the Motion. (Obj., ¶¶ 1, 2, 4.)

The Court first notes that, at the time the Report and Recommendation was issued (i.e., August 31, 2006), Plaintiff had not yet filed his Rule 56(f) motion. Rather, the record shows Plaintiff filed his Rule 56(f) motion on February 10, 2009. Therefore, the Rule 56(f) motion was not properly before the Court. *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) (recognizing that the failure to properly file a Rule 56(f) motion is not grounds for delaying resolution of a pending summary judgment motion).

Notwithstanding, to the extent the Magistrate Judge was aware of outstanding discovery issues, if any, the Court finds Plaintiff has not demonstrated those discovery issues would have changed the findings in the Report and Recommendation or that he was otherwise prejudiced by the failure to obtain the requested discovery. First, while the Motion was pending, the Magistrate Judge conducted an in camera review of the documents which Defendants objected to as privileged. (Docket No. 150.) After weighing the needs and concerns of both parties, on August 24, 2006, i.e., before issuing the Report and Recommendation, the Magistrate Judge denied Plaintiff's motion to compel production

of the documents. (*Id.*) The denial obviated any need for a continuance.

Even with respect to the Rule 56(f) motion, which as noted was not before the Court prior to its issuance of the Report and Recommendation, Plaintiff's only contention is that he needs additional discovery to respond to Defendants' affirmative defense of good faith. (Obj. [Docket No. 215-1], pg. 3.) The discovery at issue in the Rule 56(f) motion relates to the identity of prison informants and the identity of certain gang leaders and middlemen. *Id.* Plaintiff contends he must know the identity of these individuals in order to best address Defendants' affirmative defense that they acted in good faith and in accordance with established law, including the policies of the California Department of Corrections. (Obj. [Docket No. 215-1], pg. 3.) However, the Report and Recommendation did not find that Defendants were entitled to summary judgment on their affirmative defense. Rather, the Report and Recommendation found Plaintiff had not carried his burden of demonstrating any constitutional violations. *Id.* Based thereon, the Magistrate Judge stated the Court "need not reach any issues regarding qualified immunity." (Report and Recommendation, pgs. 14, 17, 21, 23, 25.) Accordingly, the absence of this discovery did not implicate the findings in the Report and Recommendation or prejudice Plaintiff's ability to present his case, oppose the Motion, or respond to the Report and Recommendation. Therefore, the Court finds Plaintiff's objection lacks merit and is not grounds for rejecting the findings set forth in the Report and Recommendation.

### B. APPLICATION OF LAW TO FACTS

Plaintiff next objects to the Report and Recommendation on the grounds the Magistrate Judge failed to properly apply law to facts and failed to consider the significance of Plaintiff's facts. (Obj. [Docket No. 178], ¶¶ 3, 5-7.) Plaintiff fails to provide legal or factual support for his objection and fails to identify the portions of the Report and Recommendation to which his objection pertains.

It is well-established that a party objecting to a Report and Recommendation must cite specific instances of error in the Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2); *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or

recommendations *to which objection is made.*") (internal citations and quotations omitted) (emphasis in the original). As the Fourth Circuit stated,

> [A] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection... To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

*Id.* at 622; *see also* Fed. R. Civ. P. 72(b)(2) (requiring objecting party to file "specific written objections to the proposed findings and recommendations").

As Plaintiff does not identify the portions of the Report and Recommendation that purportedly misapply the law to facts or fail to consider the significance of Plaintiff's facts, the Court overrules Plaintiff's objection. To the extent Plaintiff's objection pertains to the Magistrate Judge's alleged failure to consider Plaintiff's need for discovery, then for the same reasons stated above, Plaintiff's objection is overruled. Plaintiff also cannot rely on the Memorandum of Points and Authorities to support his Objection, as the Memorandum was filed over nine months past the already-extended deadline. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003). To hold otherwise would circumvent the procedural safeguards of this Court. *Id.*

Notwithstanding the above, after conducting a thorough and independent review of the issues presented, the Court finds the Magistrate Judge's analysis in the Report and Recommendation is sound and well-reasoned and the Memorandum setting forth objections lacks merit.

### III. CONCLUSION

For the reasons stated above, the Court overrules Plaintiff's objections and finds, after a careful and independent review of the Report and Recommendation and entire file in this case, the Report and Recommendation is supported by the record and is sound and well-reasoned. Accordingly, the Court **ADOPTS** the Report and Recommendation dated August 31, 2006 in its entirety, **GRANTS** Defendants' Motion for Summary Judgment, and **DENIES** Plaintiff's request to amend the Judgment

of September 29, 2006.

**IT IS SO ORDERED**.

Date: August 8, 2010

Hon. Roger T. Benitez
United States District Court Judge